FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E D N Y

★ JUN 21 2005

P.M. ___
TIME A.M. ___

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

REBA PATTERSON,

                Plaintiff,

-against-

MEDGAR EVERS COLLEGE of C.U.N.Y.,
DARIUS MOVASSEGHI, FRANK RAGLAND,

                Defendants.
----------------------------------------------------X

**MEMORANDUM & ORDER**
**04-CV-858 (ERK) (LB)**

**BLOOM, United States Magistrate Judge:**

By Order dated May 13, 2005, the Court directed the parties to set aside June 20, 21 and 22, 2005 for plaintiff's proposed depositions. Additionally, the Court directed defendants' counsel to respond to plaintiff's January 31, 2005 submission, which the Court deemed a supplement to the complaint. By letter dated May 23, 2005, defendants oppose plaintiff's request to depose Brenda Richardson Malone and Nan Fisher Williams. By motion dated May 25, 2005,[1] plaintiff moves to compel defendants to disclose, *inter alia*, documents relating to her termination letter dated August 18, 2004. See Pla. May 25, 2005 Mot. to Compel. By Order dated May 31, 2005, the Court extended plaintiff's time to certify her deposition transcript and to respond to plaintiff's objections to June 13, 2005. By letter dated June 9, 2005, plaintiff requests a second extension of time to certify her deposition transcripts. Additionally, plaintiff requests that the dates of her ten proposed depositions be postponed to mid-July.

**A. Plaintiff's Motion to Compel**

On August 6, 2004, the Court set the discovery deadline in this case for

---

[1] It appears that plaintiff dated her motion March 25, 2005 in error as the motion is file stamped May 25, 2005.

December 17, 2004. On May 13, 2005, the Court extended discovery for the limited purpose of resolving several outstanding discovery issues. By motion received in Court May 25, 2005, plaintiff seeks documents from defendants that she has not previously requested. Since discovery closed on December 17, 2004 and was reopened for the limited purpose of resolving outstanding discovery requests, plaintiff's motion to compel is denied.

Fed. R. Civ. P. 16(b) provides that a magistrate judge is empowered to schedule discovery deadlines and that "[a] schedule shall not be modified except upon a showing of good cause and by leave of [Court]." To demonstrate good cause, the party seeking a modification must show that the relevant deadline could not reasonably be met despite that party's diligence. See Carnrite v. Granada Hospital Group, Inc., 175 F.R.D. 439, 446 (W.D.N.Y. 1997) (citing 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1, at 231 (2nd ed. 1990)). Plaintiff has not demonstrated good cause for why she did not make the instant discovery request in the four months between receiving her termination letter dated August 18, 2004 and the discovery deadline on December 17, 2004.

Additionally, as defendants argue, plaintiff's motion to compel is improper because she never conferred with defendants' counsel regarding this request before seeking the Court's assistance. See Fed. R. Civ. P. 37(a)(2)(A) (a party seeking the Court's assistance in discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action."); see also Def. June 10, 2005 Ltr. Opp. Mot. to Compel. Accordingly, plaintiff's motion to compel is denied as her discovery request is untimely and she failed to confer with opposing counsel.[2]

---

[2] Plaintiff's motion requests that defendants "give to Plaintiff ... all those charges that has been alleged against her." The Court notes that plaintiff's August 18, 2004 termination letter, affixed to plaintiff's motion to compel, lists the disciplinary charges against her that led to her termination.

2

## B. Depositions of Brenda Richardson Malone and Nan Fisher Williams

By letter dated May 23, 2005, defendants object to producing two of the ten individuals noticed for depositions: Brenda Richardson Malone, CUNY Vice Chancellor for Faculty and Staff Relations and Nan Fisher Williams, Counsel to the President and Dean of Faculty and Staff relations for Medgar Evers College. By Order dated May 31, 2005, the Court granted plaintiff an extension of time to file her opposition to defendants' objections to these two depositions June 13, 2005. Plaintiff did not file an opposition to defendants' objections. Accordingly, the Court considers defendants' objections to producing these two individuals for depositions unopposed.

Defendants' counsel submits the affidavit of Brenda Richardson Malone in support of their objection. Ms. Malone affirms that although she signed plaintiff's termination letter, she did not conduct plaintiff's disciplinary hearing and her decision to terminate plaintiff was based solely on the recommendation of her designees. Def. Opp. at ¶5. Furthermore, Ms. Malone states that she has no personal or independent knowledge relating to plaintiff's allegations in the instant lawsuit. Id. ¶¶6-7. The Court has discretion to limit discovery requests when they are not "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Accordingly, since Ms. Malone affirms that she has no personal knowledge of the events underlying this action, defendants need not produce Ms. Malone for a deposition.

Defendants also argue that any knowledge or information that Nan Fisher Williams possesses in her capacity as Counsel to the President for Medgar Evers College is protected by attorney-client privilege. However, defendants concede that any knowledge that Ms. Williams has "theoretically acquired" independent of her position as legal counsel as Dean of Faculty and Staff Relations could be appropriate grounds for inquiry at a deposition. Def. May 23, 2005 Letter at 2. Therefore, plaintiff may depose Nan Fisher Williams regarding any knowledge she acquired as Dean of Faculty and Staff Relations independent of her position as legal counsel. Defendants' counsel shall produce

Nan Fisher Williams and the eight other witnesses for a deposition.

**Plaintiff's Request to Reschedule Her Depositions**

Plaintiff's request to postpone the depositions scheduled on June 21, 2005 and June 22, 2005 is denied. The Court has accommodated plaintiff by granting numerous requests for extensions of deadlines. On May 17, 2005, the Court met with the parties for several hours and explained to plaintiff the logistical difficulty of scheduling so many depositions in just a few days. In fact, the Court attempted to dissuade plaintiff from scheduling multiple depositions on the same day. However, plaintiff persisted, stating that she wanted to limit her expenses. May 9, 2004 Transcript pp. 11, 25-27. Defendants' counsel informs the Court that due to individual work and vacation schedules, rescheduling these depositions will be unduly burdensome, if not impossible. See Def. June 10, 2005 Ltr. Opp. Extension. The Court agrees with defendants' counsel. Accordingly, plaintiff's request to reschedule these depositions is denied. Plaintiff has not demonstrated good cause for why the Court should modify the deposition schedule as set forth in the Court's May 13, 2005 Order. Plaintiff's nine depositions shall proceed, as previously agreed, on June 21, 2005 and June 22, 2005. If plaintiff fails to proceed **for any reason** with the depositions of the nine individuals on these dates, plaintiff shall forfeit her opportunity to depose these witness.

**Plaintiff's Request for an Extension of Time to Certify her Deposition Transcript**

Additionally, plaintiff seeks an extension of time to certify her deposition transcript. Because plaintiff's time to certify her deposition transcript has already been extended, the Court is not inclined to grant this request. However, by letter dated June 10, 2005, defendants' counsel informs the Court that they consent to a brief extension to June 30, 2005 for plaintiff to certify her deposition transcript. Accordingly, plaintiff's request is granted. Plaintiff shall certify her deposition transcript by June 30, 2005. No further request for an extension of this deadline will be considered. If plaintiff fails to certify her deposition transcript by this date **for any reason**, the Court shall deem the current

in its current form.

**Plaintiff's January 31, 2005 Supplement**

By letter dated June 10, 2005, defendants' counsel informs the Court that they take no position on plaintiff's January 31, 2005 submission, which the Court deemed a supplement to the complaint at the conference on May 9, 2005. Defendants shall respond to the allegations set forth in the January 31, 2005 supplement by July 15, 2005.

**Conclusion**

Plaintiff's motion to compel is denied. Defendants need not produce Brenda Richardson Malone for a deposition. The depositions of the nine other remaining party witnesses shall proceed as previously scheduled on June 21, 2005 and June 22, 2005. Should plaintiff fail to proceed with these depositions **for any reason** on these dates, she shall forfeit her opportunity to depose these witnesses. Plaintiff shall certify her deposition transcript by June 30, 2005. Defendants shall respond to the allegations set forth in the January 31, 2005 supplement to the Complaint by July 15, 2005.

Additionally, the Court reiterates the briefing schedule set forth in the Court's Order dated May 13, 2005: defendants shall serve their motion for summary judgment on plaintiff by September 16, 2005; plaintiff shall serve her opposition to defendants' motion for summary judgment on defendants' counsel by November 18, 2005; defendants shall serve their reply and file the fully briefed motion in Court by December 16, 2005. A courtesy copy of the complete motion should be sent to my chambers.

SO ORDERED.

Dated: June 15, 2005
Brooklyn, New York

Lois Bloom
United States Magistrate Judge